# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL F. HOWARD**,

    Petitioner,

v.                                                 **Case No. 04-C-772**

**DANIEL J. BENIK,**

    Respondent.

## ORDER

Michael F. Howard ("Howard") is a prisoner incarcerated pursuant to a Wisconsin state court judgment. On August 13, 2004, proceeding pro se, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This court screened Howard's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and on January 18, 2005, the respondent answered Howard's petition. On July 5, 2006 Howard requested that counsel be appointed to assist him. On October 12, 2006, Howard requested that he be permitted to file an untimely reply to the respondent's answer. Also in his motion, Howard requests that this case be stayed as he pursues certain state remedies.

Pursuant to 28 U.S.C. § 2254(h), the court may appoint counsel for a petitioner who is unable to afford counsel. Appointment of counsel is governed by 18 U.S.C. § 3006A (the Criminal Justice Act). "Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances." Winsett v. Washington, 130 F.3d 269, 281 (7th Cir. 1997). Upon a determination by the court that "the interests of justice so require, representation may be provided for any financially eligible person" seeking relief under 28 U.S.C. § 2254. 18 U.S.C. § 3006A (a)(2). Representation is

appropriate when the petitioner cannot obtain justice absent an attorney, cannot obtain an attorney, and will have a "reasonable chance of success" with an attorney. Winsett, 130 F.3d at 281.

Having reviewed Howard's petition, the court is unable to say that the Howard has demonstrated a reasonable probability of success if counsel were appointed for Howard. Therefore, Howard's motion for appointment of counsel shall be denied.

Howard next requests that he be permitted to file an untimely reply to the respondent's answer. He alleges that he was simply unaware that he had the opportunity to file a reply. Pursuant to Rule 5(e) of the Rules Governing Section 2254 Cases, "The petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." Because this court has not previously set a time for which the petitioner may submit a reply and this district lacks a local rule on the matter, Howard's request is not untimely. Therefore, within 30 days of this order Howard shall file a reply to the respondent's answer.

Finally, Howard seeks to stay his petition as he exhausts state court remedies. Pursuant to Rhines v. Weber, 544 U.S. 269 (2005), federal courts may grant a habeas petitioner's request for a stay only in limited circumstances. First, there must be good cause for the petitioner's failure to exhaust state remedies. Id. at 277. Second, the unexhausted claims must not be plainly meritless. Id. Finally, the court must determine that the petitioner has not engaged in intentionally dilatory litigation tactics. Id.

Based upon the cases cited by Howard, it appears that he believes that the trial court overlooked a factor that would be relevant to his sentence. Howard does not identify the nature of this factor. Second, although Howard implies that this factor is newly discovered, Howard provides no explanation as to how this factor was not knowable at the time of his sentencing or during either of Howard's two earlier state collateral attacks upon his conviction. Therefore, Howard has not

demonstrated good cause for his failure to exhaust state remedies, and therefore Howard's motion must be denied.

**IT IS THEREFORE ORDERED** that Howard's motion to appoint counsel is **denied**.

**IT IS FURTHER ORDERED** that Howard may file a reply to the respondent's answer within **30 days** of this order. Howard's reply shall be limited to responding to matters raised in the respondent's answer.

**IT IS FURTHER ORDERED** that Howard's motion to stay these proceedings is **denied**.

Dated at Milwaukee, Wisconsin, this <u>19th</u> day of October, 2006.

_____
s/AARON E. GOODSTEIN
United States Magistrate Judge
